Matter of Bannister v Wiley (2020 NY Slip Op 00522)





Matter of Bannister v Wiley


2020 NY Slip Op 00522


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Manzanet-Daniels, J.P., Gesmer, Oing, Moulton, González, JJ.


10830 5306N/16

[*1] In re Sharon Bannister, Petitioner,
v
Maxwell Wiley, etc., et al., Respondents.


Janet E. Sabel, The Legal Aid Society, New York (Stephen Pokart of counsel), for petitioner.
Bridget G. Brennan, Special Narcotics Prosecutor, New York (Brooke Verdiglione of counsel), for Cyrus R. Vance, Jr. and Bridget G. Brennan, respondents.

Hon.

Petition pursuant to CPLR article 78 for a writ of prohibition barring petitioner's retrial upon New York County indictment 5306N-16, after her first trial ended with the trial court's sua sponte declaration of a mistrial without petitioner's consent, unanimously granted, without costs, and the indictment dismissed.
The trial court was not compelled by manifest necessity to declare a mistrial and terminate the proceedings (see Matter of Capellan v Stone, 49 AD3d 121 [1st Dept 2008], lv denied 10 NY3d 716 [2008]), and accordingly, retrial is barred under the Double Jeopardy Clauses of the Federal and New York State Constitutions (US Const 5th Amend; NY Const, art I, § 6; see also People v Michael, 48 NY2d 1, 7 [1979]). It was an abuse of discretion to declare a mistrial in order to accommodate a juror's weekend travel plans, including a Friday, which she belatedly informed the court about during deliberations, where the court, as requested by defendant, reasonably could have directed the juror to report for deliberations the following day, and the court also failed to confirm that the jury was hopelessly deadlocked at the time (see Matter of Colcloughley v Johnson, 115 AD2d 58, 62 [1st Dept 1986], lv denied 68 NY2d 604 [1986]).
Justice Maxwell Wiley has elected, pursuant to CPLR 7804 (i), not to appear in this proceeding.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK